Kerry A. Denton     (State Bar Number 147206)
LAW OFFICES OF KERRY A. DENTON
231 Fourth Avenue
Chula Vista, CA 91910
Telephone (619) 421-1000
Facsimile (619) 422-8282

Attorney for Debtor
Princess Matthews

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ALAN ULVILA;<br>        EDITH ROGERS<br><br>            Debtor. | CASE NO.  08-01819(B13)<br><br>MOTION TO EXTEND<br>STAY BEYOND 30 DAYS<br><br>DECLARATION OF DEBTORS<br><br>Hearing Date:  April 1, 2008<br>Hearing Time: 10:00 a.m.<br>Department:    4 |

**TO: THE HONORABLE PETER W. BOWIE, JUDGE OF BANKRUPTCY COURT, THOMAS H. BILLINGSLEA, JR.,  CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:**

Moving Party, ALAN ULVILA & EDITH ROGERS, ("Debtor") pursuant to §362(c)(3)(B)[1], hereby submits this Motion for an Order Extending the Automatic Stay as to all creditors.

1. The Debtors filed a petition in this matter under Chapter 13 on or about March 5, 2008.

2. The Debtors had previously filed a Chapter 13 case, USBC Case No. 07-02579(B13), which was subsequently confirmed. That case was dismissed on February 11, 2008.

3. During the previous case, there was a mix up as to the employer withholding order. Debtor/Wife had submitted a voluntary wage deduction to the Chapter 13 Trustee and at the

---

[1] §362(c)(3)(B) provides that the upon the motion of a party in interest that the court may extend the stay beyond the expiration of the 30 day period after notice and hearing completed before the expiration of the 30 day period upon the finding that the later case is in good faith.

1

same time, the Chapter 13 Trustee submitted a wage order to Debtor/Husband's employer. For reasons unknown to the Debtors, Debtor/Husband's employer never honored the employment order. During the same time period, the Debtors were not adequately communicating, and each believed that the other's employer was withholding. By the time they realized the error the Chapter 13 trustee had filed a motion to dismiss and Debtors were unable to sufficiently catch up. Further, a check paid to the trustee before dismissal, was not honored by the bank. At this time, Debtor/Wife is submitting to the Chapter 13 trustee a voluntary wage withholding form in order to avoid this issue. Further, Debtor/Husband's income has increased by approximately $1,000.00 per month.

4. The petition in this case has been filed in good faith. The Debtors believe that the Chapter 13 plan is confirmable and that they will be able to fully perform under the terms of the plan.

5. The Debtors' prior Chapter 13 case was the only case dismissed within the previous 12 months.

6. The Debtors' prior Chapter 13 case was not dismissed because debtor failed to provide adequate protection payments ordered by the court.

7. The Debtors' Chapter 13 case was not dismissed at a time when there had been a motion for relief that was pending before the court or resolved with an order terminating, conditioning or limiting the stay.

WHEREFORE, the Debtors request that this Court continue the Automatic Stay under 362(a) as to all creditors for the duration of this Chapter 13 case, or until such time as the stay is terminated under 362(c)(1) or (c)(2), or a motion for relief is granted under 362(d).

Dated: 3/8/08                            /S/KERRY A. DENTON
                                         KERRY A. DENTON
                                         Attorney For Debtor

2

**DECLARATION OF DEBTORS**

We, Alan Ulvila and Edith Rogers, declare as follows:

1. We are the Debtors in this Chapter 13 proceeding.

2. We previously filed a Chapter 13 case, Case No. 07-02579 which was confirmed. The case was dismissed on February 11, 2008, as we were unable to come up with the necessary monies to cure our arrears under the Chapter 13 plan.

3. We got behind because we each believed that the other's employer was withholding and paying over pursuant to an employment withholding order.

4. This petition in this case has been filed in good faith. We are immediately submitting a wage assignment order to the Chapter 13 trustee, and we now make approximately $1,000.00 more per month. We believe that we will be able to fully perform under the terms of our Chapter 13 plan.

6. The case that was dismissed on February 11, 2008, was the only previous case pending that we were involved in during the preceding year.

7. Our Chapter 13 case was not dismissed because we failed to provide adequate protection payments ordered by the court.

8. Our Chapter 13 case was not dismissed at a time when there had been a motion for relief that was pending before the court or resolved with an order terminating, conditioning or limited the stay.

We declare under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct and that this Declaration was made on the date signed below, at Chula Vista, California.

Dated: 3/8/08               /S/ ALAN ULVILA
                            ALAN ULVILA, DEBTOR


                            /S/ EDITH ROGERS
                            EDITH ROGERS, DEBTOR

3